**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| KISHANAE BEYNARD<br>720 Douglas Street,<br>Cambridge, MD 21613<br><br>and<br><br>KENYAJAH BEYNARD<br>720 Douglas Street,<br>Cambridge, MD 21613<br><br>and<br><br>CARDENIA CONWAY,<br>as personal representative for<br>KEITH BEYNARD, JR.<br>720 Douglas Street,<br>Cambridge, MD 21613<br><br>    *Plaintiffs*,<br><br>    v.<br><br>CAMBRIDGE FAVORITE<br>CHICKEN, LLC<br>12160 Flowing Water Trail,<br>Clarksville, MD 21029<br><br>and<br><br>PAULA CONWAY<br><br>and<br><br>GREGORY CONWAY<br><br>    *Defendants*. | Case No. 17-cv-0298<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiffs Kishanae Beynard, Kenyajah Beynard, and Cardina Conway, as personal representative for her minor son Keith Beynard, Jr., (the "Plaintiffs"), by and through undersigned counsel, brings this action against Defendants Cambridge Favorite Chicken, LLC, ("CFC"), Paula Conway, and Gregory Conway (collectively the "Defendants") to redress violations of the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. §§ 201 *et seq.* ("FSLA"); the Maryland Wage and Hour Law, Md. Code, Labor and Employment §§ 3-401 *et seq*. ("MWHL"); the Maryland Wage Payment and Collection Law, Md. Code, Labor and Employment §§ 3-401 *et seq*. ("MWPCL"); and failures to compensate them for the value of their services rendered. In support of their Complaint, Plaintiffs state as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because Plaintiffs have asserted a claim that arises under the laws of the United States.

2. This Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law and common law claims because those claims are related to their federal claims within the original jurisdiction of this Court.

3. Venue is proper in the District of Maryland pursuant to 28 U.S.C. §§ 1391(b) because all Defendants reside in the District of Maryland and are residents of the State of Maryland, a substantial part of Defendants' wrongful conduct and the events giving rise to Plaintiffs' claims alleged herein occurred within the District of Maryland, Northern Division, and the majority of Maryland parties reside in the District of Maryland, Northern Division.

## PARTIES

4. Plaintiff Kishanae Beynard is an individual residing in Cambridge, Maryland. She worked as an employee of the Defendants from approximately January 2015 to August 2015, December 2015 to February 2016, and July 2016 to November 2016.

5. Plaintiff Kenyajah Beynard is an individual residing in Cambridge, Maryland. She worked as an employee of the Defendants from approximately February 2015 to August 2015 and July 2016 to December 2016.

6. Plaintiff Cardina Conway is the mother of Keith Beynard, Jr. Plaintiff Cardina Conway and her son, Keith Beynard who is currently sixteen years old, reside in Cambridge, Maryland. Keith Beynard was an employee of the Defendants from approximately May 2015 to August 2015.

7. Defendant Cambridge Favorite Chicken, LLC, ("CFC") is a Maryland corporation in the business of operating fast food restaurants. The address of CFC is 12160 Flowing Water Trail, Clarksville, MD 21029. *See* Exhibit A. CFC's registered agent is Ashish Patel, 12160 Flowing Water Trail, Clarksville, MD 21029. CFC operates a Popeye's Louisiana Kitchen franchise, located at 209 Sunburst Highway, Cambridge, MD 21613 (the "Popeye's"). The Popeye's is located in Dorchester County, Maryland.

8. Defendant Paula Conway was a manager of the Popeye's and was the Plaintiffs' direct supervisor.

9. Defendant Gregory Conway was a manager of the Popeye's and was the Plaintiffs' supervisor.

10. At all times material to this Complaint, each of the Defendants acted as an employer within the meaning of the FLSA, the MWHL, and the MWPCL. 29 U.S.C. § 203(d); 29 C.F.R. §

791.2; Md. Code, Labor and Employment, § 3-401(b); and Md. Code, Labor and Employment, § 3-501(b).

## FACTUAL BACKGROUND

11. CFC owns and operates the Cambridge, Maryland Popeye's Louisiana Kitchen (the "Popeye's"), a fast food restaurant.

12. CFC hired Plaintiffs as employees to work at the Popeye's.

13. Kishanae Beynard worked at the Popeye's from approximately January 2015 to August 2015, December 2015 to February 2016, and July 2016 to November 2016.

14. Kenyajah Beyndard worked at the Popeye's from approximately February 2015 to August 2015 and July 2016 until December 2016.

15. Keith Beynard worked at the Popeye's from approximately May 2015 to August 2015.

16. During the Plaintiffs' employment at the Popeye's, the Defendants failed to pay Plaintiffs wages at or above the federal and state minimum wages, in violation of federal and state law.

17. Defendants, during the relevant times to this action, maintained an unlawful timekeeping policy (the "clock-out policy"). By using this policy, the Defendants deprived the Plaintiffs of wages in violation of the FLSA, the MWHL, and the MWPCL.

18. Generally, Defendants scheduled each employee for a specific period of time ("work shift") in which they were supposed to be working at the Popeye's.

19. During this work shift, employees, including Plaintiffs, were not allowed to leave the Popeye's premises. They were expected to be ready to serve any customers or perform any other duties for their employer during their work shift.

20. Unlike a legally acceptable timekeeping policy, the clock-out policy used by the Defendants did not track the time that the employees, including Plaintiffs, were actually working.

21. Instead, the clock-out policy used by the Defendants required Plaintiffs, and other employees, to clock-out when, among other reasons, no customers were present in the restaurant.

22. As a consequence of this clock-out policy, Plaintiffs were required to clock-out while in the middle of their designated work shift, even though they remained at the restaurant to comply with their work shift times.

23. Sometimes this policy required Plaintiffs to clock-in to serve a single customer, and then clock out less than five minutes later.

24. As a consequence of this clock-out policy, Plaintiffs were not clocked-in for significant periods of time during their work shifts and not clocked-in for significant periods of time during which they were actually working for the Defendants.

25. Defendants only compensated Plaintiffs, and other employees, for time accumulated while they were "clocked-in."

26. Defendants did not compensate Plaintiffs for time that they were "clocked-out," even for times when they were present at the restaurant, working and acting for the benefit of the Defendants.

27. As a consequence of the clock-out policy, Defendants did not compensate the Plaintiffs for the complete amount of time that they worked, or suffered employment, for the Defendants.

28. As a consequence of the clock-out policy, Defendants compensated the Plaintiffs with an effective rate of payment below the federal and state minimum wages.

29. As a consequence of the clock-out policy, Defendants compensated the Plaintiffs at an effective payment rate below seven dollars and twenty-five cents ($7.25) per hour for the entire duration of the Plaintiffs' employment at the Popeye's.

30. During their employment at Popeye's, Plaintiffs' responsibilities included food preparation, working at the cash register, washing dishes, and cleaning the restaurant.

31. Defendants Paula Conway and Defendant Gregory Conway were the managers of the Popeye's and Plaintiffs' supervisors.

32. Defendants Paula Conway and Gregory Conway had the authority to hire and fire employees, set employee pay rates, set employee schedules, and maintain employment records for the Popeye's.

33. At all times relevant to this Complaint, Ms. Conway and Mr. Conway had the authority to fire Plaintiffs, set Plaintiffs' work schedule, and disburse wages to the Plaintiffs.

34. Defendants promised to pay Plaintiffs, during their entire employment at Popeye's, at least the prevailing minimum wage under state and federal law.

35. This pay rate was determined by Paula Conway or Gregory Conway and communicated to each Plaintiff by either Paula Conway or Gregory Conway.

36. Despite their promises, as a consequence of the clock-out policy, Defendants paid Plaintiffs less than the amount that they had promised to pay them per hour.

37. Defendants disbursed wages to Plaintiffs in the form of paychecks every two weeks.

38. Defendants supplied Plaintiffs with their uniforms, which included an apron, hat, and shirt.

39. Defendants did not provide Plaintiffs with any employee handbook or record of employment policies when they first began their employment at the Popeye's.

40. Defendants generally scheduled Kishanae Beynard's work shift for eight consecutive hours per day for five days a week.

41. Often, Kishanae Beynard would begin working before the start of her shift and would be required by the Defendants to continue working after the scheduled end of her shift.

42. Defendants generally scheduled Kenyajah Beynard's work shift from four in the afternoon (4:00 p.m.) until nine at night (9:00 p.m.) for four days a week.

43. Defendants generally scheduled Keith Beynard's work shift from four in the afternoon (4:00 p.m.) until eight at night (8:00 p.m.) for three days a week.

44. Plaintiffs were required to be present for the entire duration of their assigned work period.

45. Often, Plaintiffs were required to work longer than their scheduled work shifts.

46. Additionally, after forcing the Plaintiffs to work longer than their assigned schedule, the Defendants required that once the restaurant had closed to the general public, no employee could leave the restaurant until all other employees had finished any assigned duties for the night.

47. On these occasions, Defendants told Plaintiffs that they would be fired if they left the restaurant.

48. The Plaintiffs were not paid for the time spent working after the scheduled end of their work shift or for the time spent while waiting to be allowed to leave at night.

49. Defendants did not permit Plaintiffs to use time during their work shifts, including the time they were required to be clocked-out, for themselves or for their own personal enjoyment. Instead, Defendants expected Plaintiffs to be completing a job task for the Defendants or waiting

to immediately perform a job task, such as serving a customer, as soon as was required during the entire duration of their work shifts.

50. All time spent at the restaurant, therefore, was time that Plaintiffs spent for the benefit of the Defendants.

51. In addition to the regular work duties, employees, including Plaintiffs, were required to attend monthly meetings that generally lasted two hours.

52. Defendants never paid Plaintiffs, or other employees, for the time spent at the required monthly meetings.

53. At the May monthly meeting, Defendants gave the employees, including Plaintiffs, a copy of an employee handbook.

54. This was the first time Defendants provided Plaintiffs with any written employment policies.

55. Defendants required the employees, including Plaintiffs, to sign the handbook agreement at that meeting. Plaintiffs were not given enough time to read the handbook agreement before signing it.

## COUNT I
**FLSA Violation – Failure to Pay Minimum Wage**

56. Plaintiffs hereby re-allege and incorporate by reference the foregoing allegations contained in the Complaint.

57. At all times relevant to this Complaint, Plaintiffs were employed by Defendants within the meaning of the FLSA and are entitled to the rights, protections, and benefits provided under the FLSA.

58. At all times relevant to this Complaint, Plaintiffs were non-exempt employees of the Defendants. *See* 29 U.S.C. § 213(a), 29 C.F.R. § 541.600.

59. At all times relevant to this Complaint, CFC was an enterprise engaged in interstate commerce within the meaning of the FLSA. *See* 29 U.S.C. § 207(a).

60. At all times that Plaintiffs were employed by the Defendants, the minimum wage was seven dollars and twenty-five cents ($7.25) per hour. 29 U.S.C. § 206(a).

61. Defendants violated the FLSA by not paying Plaintiffs at least minimum wage for every hour worked.

62. Defendants did not reasonably believe that their acts or omissions were not in violation of the FLSA.

63. Defendants willfully, knowingly, and/or recklessly failed to pay Plaintiffs minimum wages, in violation of the FLSA and corresponding federal regulations.

64. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of minimum wages in an amount to be determined at trial and is entitled to recover such amount, an additional equal amount as liquidated dates, prejudgment interest, attorney's fees, costs, and any other relief the Court deems just and proper. *See* 29 U.S.C. § 216(b).

## COUNT II
**MWHL Violation – Failure to Pay Minimum Wage**

65. Plaintiffs hereby re-allege and incorporate by reference the foregoing allegations contained in the Complaint.

66. At all times relevant to this Complaint, Plaintiffs were individuals employed by Defendants within the meaning of the MWHL and is entitled to the rights, protections, and benefits provided under the MWHL.

67. At all times relevant to this Complaint, Plaintiffs were non-exempt employees of Defendants. *See* Md. Code, Labor and Employment § 3-403.

68. From January 1, 2015 through June 30, 2015, the minimum wage under the MWHL was equal to eight dollars ($8.00) per hour, and from July 1, 2015 through any remaining time relevant to this Complaint, the minimum wage under the MWHL was equal to eight dollars and twenty-five cents ($8.25) per hour. *Id. See* Md. Code, Labor and Employment § 3-413(b)(2)(i).

69. Defendants violated the MWHL by not paying Plaintiffs at least minimum wage for every hour worked.

70. Defendants willfully, knowingly, and/or recklessly failed to pay Plaintiffs minimum wages, in violation of the MWHL and corresponding state regulations.

71. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of minimum wages in an amount to be determined at trial, and is entitled to recover such amount, an additional equal amount as liquidated dates, prejudgment interest, attorney's fees, costs, and any other relief the Court deems just and proper. *See* Md. Code, Labor and Employment § 3-427.

## **COUNT III**
**MWPCL Violation – Failure to Pay Wages**

72. Plaintiffs hereby re-allege and incorporate by reference the foregoing allegations contained in the Complaint.

73. The MWPCL requires employers to pay wages to employees for all hours worked. *See* Md. Code, Labor and Employment, § 3-502.

74. At all times relevant to this Complaint, Defendants promised to pay Plaintiffs at least minimum wage, as set under the MWHL, for work done for the Defendants.

75. Defendants failed to pay Plaintiffs, throughout the entire period of their employment, for all of the hours for which they worked.

76. Defendants, therefore, withheld wages rightfully earned by Plaintiffs, in violation of the MWPCL.

77. Defendants did not reasonably believe that their acts or omissions were not in violation of the MWPCL.

78. Defendants willfully, knowingly, and/or recklessly failed to pay Plaintiffs earned wages, in violation of the MWPCL and corresponding state regulations.

79. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of wages in an amount to be determined at trial, and is entitled to recover such amount, an additional amount equal to three times the wage, prejudgment interest, attorney's fees, costs, and any other relief the Court deems just and proper. *See* Md. Code, Labor and Employment § 3-507.2(b).

## COUNT IV
**Quantum Meruit**

80. Plaintiffs hereby re-allege and incorporate by reference the foregoing allegations contained in the Complaint.

81. Plaintiffs conferred a benefit by working for the Defendants.

82. Defendants knew of this benefit by recognizing Plaintiffs as their employees, and by assigning them where and when to work.

83. Defendants subsequently did not pay Plaintiffs for hours that they worked for them, despite promising to pay Plaintiffs at least minimum wage, as set under the MWHL, for each hour worked.

84. By not paying Plaintiffs for all of the hours that they worked, Defendants have unjustly retained a monetary benefit that is rightly owed to the Plaintiff.

85. Plaintiff has therefore been deprived of payment for services rendered to the Defendants in an amount to be determined at trial.

## COUNT V
**Unjust Enrichment**

86. Plaintiffs hereby re-allege and incorporate by reference the foregoing allegations contained in the Complaint.

87. Plaintiffs conferred a benefit by working for the Defendants.

88. Defendants knew of this benefit by recognizing Plaintiffs as their employees, and by assigning them where and when to work.

89. Defendants subsequently did not pay Plaintiffs for hours that they worked for them, despite promising to pay Plaintiffs at least minimum wage, as set under the MWHL, for each hour worked.

90. By not paying Plaintiffs for all of the hours that they worked, Defendants have unjustly retained a monetary benefit that is rightly owed to the Plaintiffs.

91. Plaintiffs have therefore been deprived of payment for services rendered to the Defendants in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court enter an order providing for judgment in favor of the Plaintiffs, for an amount to be determined at trial, plus attorney's fees, costs, and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a jury trial on all allegations contained herein.

Dated: February 1, 2017

Respectfully Submitted,

*/s/ Matthew R. Gardner*
James C. Bailey (D. Md. # 17762)
Matthew R. Gardner (D. Md. # 19759)
BAILEY & EHRENBERG PLLC
1015 18th Street N.W., Suite 204
Washington, DC 20009
T: (202) 331-1331
F: (202) 318-70701
jcb@becounsel.com
mrg@becounsel.com

*Attorneys for the Plaintiffs*